[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 10-13238
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JULY 11, 2011
JOHN LEY
CLERK

D.C. Docket No. 1:07-cr-20955-JEM-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

LUIS VASQUEZ-FROMETA,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(July 11, 2011)

Before HULL, PRYOR and ANDERSON, Circuit Judges.

PER CURIAM:

Luis Vasquez-Frometa appeals his 60-month sentence for importing 100 grams or more of heroin, in violation of 21 U.S.C. §§ 952(a) and 960(b)(2). In November 2007, Vasquez-Frometa arrived in the United States on a flight from the Dominican Republic and was arrested after he was found to be carrying pellets containing heroin inside his body. He argues that his sentence is procedurally unreasonable because the district court failed to consider the 18 U.S.C. § 3553(a) sentencing factors and improperly considered (1) the number of heroin pellets that he was carrying inside his body and (2) the fact that he had traveled to the United States 18 times between 2004 and November 2007. Vasquez-Frometa also argues that his sentence is substantively unreasonable because his brother, who was convicted of a similar offense, was sentenced to only 30 months' imprisonment.

We review a sentence for procedural and substantive reasonableness. *Gall v. United States*, 552 U.S. 38, 51, 128 S.Ct. 586, 597 (2007). If a defendant fails to object to a sentencing error before the district court, we review for plain error. *United States v. Bonilla*, 579 F.3d 1233, 1238 (11th Cir. 2009), *cert. denied*, 130 S.Ct. 2361 (2010). To establish plain error, a defendant must show that there was an (1) error, (2) that is plain, and (3) that affects substantial rights. *Id.* We may exercise our discretion to correct such an error if "the error seriously affects the

fairness, integrity or public reputation of judicial proceedings." *Id.* at 1239 (quotation and alteration omitted).

A sentence is procedurally unreasonable if the sentencing court fails to consider the factors set forth in § 3553(a) or "selects a sentence based on clearly erroneous facts." *United States v. Rodriguez*, 628 F.3d 1258, 1264 (11th Cir. 2010), *cert. denied* 131 S. Ct. 2166 (2011). The district court need not discuss or explicitly state on the record each § 3553(a) factor. *United States v. Scott*, 426 F.3d 1324, 1329 (11th Cir. 2005). An acknowledgment by the district court that it has considered the defendant's arguments and the § 3553(a) factors will suffice. *Id.* at 1329-30.

In considering the substantive reasonableness of a sentence, we consider the totality of the circumstances and apply an abuse-of-discretion standard, under which we reverse only if we find that the district court "committed a clear error of judgment in weighing the § 3553(a) factors by arriving at a sentence that lies outside the range of reasonable sentences dictated by the facts of the case." *United States v. Saac*, 632 F.3d 1203, 1215 (11th Cir. 2011). The § 3553(a) factors that a sentencing court must consider include "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct." 18 U.S.C. § 3553(a)(6). The party

3

challenging the sentence "bears the burden of establishing that the sentence is unreasonable in the light of both th[e] record and the factors in section 3553(a)." *United States v. Talley*, 431 F.3d 784, 788 (11th Cir. 2005).

We review Vasquez-Frometa's procedural reasonableness arguments under the plain-error standard because, at sentencing, Vasquez-Frometa stated that he had no objections to the district court's factual findings or pronouncement of sentence. Vasquez-Frometa has failed to show that the district court plainly erred by imposing a procedurally unreasonable sentence. The record shows that the district court considered the § 3553(a) sentencing factors and, under 18 U.S.C. §§ 3553(a)(1)-(2) and 3661, the court was permitted to consider the number of pellets that were found in Vasquez-Frometa's body, as well as Vasquez-Frometa's prior trips from the Dominican Republic to the United States. The district court did not rely on clearly erroneous facts because the undisputed facts in the presentence investigation report supported the court's finding that Vasquez-Frometa made 18 trips to the United States between 2004 and November 2007 despite having limited financial resources. Finally, Vasquez-Frometa has failed to show that his sentence resulted in an unwarranted sentencing disparity

because he has not established that he was similarly situated to his brother.

Accordingly, we affirm Vasquez-Frometa's 60-month sentence.

**AFFIRMED.**[1]

---

[1] The Government's motion to dismiss the appeal is DENIED.